Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LICENSED ADVISORS LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 2:20-cv-02180-MCE-DMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT WITH PROPOSED ORDER**<br><br>**Judge Morrison C. England, Jr.**<br><br>**Date: April 8, 2021**<br><br>**Time: 2:00 p.m.** |

PLEASE TAKE NOTICE that on April 8, 2021, at 2:00 p.m., in Courtroom 7, of the United States District Court for the Eastern District of California, located at Robert T. Matsui United States Courthouse, 501 I Street, Suite 4-200, Sacramento, California 95814, Plaintiff, for himself and others similarly situated, will move this Court for an order granting Plaintiff's Motion for Leave to File First Amended Complaint. In support of this motion, Plaintiff states as follows:

Plaintiff seeks leave to file his First Amend Complaint to name as Defendant in this matter LICENSED INSURANCE ADVISORS LLC. Plaintiff's original Complaint (Doc. #1) named Defendant RXCUT LLC. After service was completed upon the original Defendant, Plaintiff discovered that the proper Defendant in this matter should be LICENSED INSURANCE ADVISORS LLC, based upon discussions and an exchange of information with the attorneys for the current Defendant.

A copy of Plaintiff's proposed First Amended Complaint is attached to this Motion as Exhibit A. A copy of Plaintiff's proposed Order Granting Motion for Leave to File First Amended Complaint is attached to this Motion as Exhibit B.

Wherefore, Plaintiff respectfully requests this Honorable Court enter an order granting Plaintiff leave to file his First Amended Complaint in this matter, and granting any other relief deemed just and proper by this court.

Dated: February 11, 2021

                        Respectfully submitted,

                        LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                        By: /s/ Todd M. Friedman
                            TODD M. FRIEDMAN, ESQ.
                            Attorney for Plaintiff

Filed electronically on February 11, 2021, with:

United States District Court CM/ECF system. Notice provided electronically to:

Honorable Judge Morrison C. England, Jr.
United States District Court
Eastern District of California

Nancy E. Gray
ngray@grayfirm.com
Gray & Associates PC
11500 W. Olympic Blvd. Ste. 400
Los Angeles, CA 90064-1525
Attorney for Defendant RxCut LLC

Joel M. Tantalo
jtantalo@ta-llp.com
Michael S. Adler
madler@ta-llp.com
Tantalo & Adler LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
Attorneys for Defendant RxCut LLC

/s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

EXHIBIT A

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LICENSED INSURANCE ADVISORS LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 2:20-cv-02180-MCE-DMC<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SID NAIMAN ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon

personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of LICENSED INSURANCE ADVISORS LLC ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Florida limited liability company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. Jurisdiction is also proper under *28 U.S.C. § 1331* because this case arises under a law of the United States, the TCPA.

3. Venue is proper in the United States District Court for the Eastern District of California pursuant to *28 U.S.C. § 1391(b)*, because a substantial part of the events or omissions giving rise to the claim occurred within this District.

## PARTIES

4. Plaintiff, SID NAIMAN ("Plaintiff"), is a natural person residing in Butte, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, LICENSED INSURANCE ADVISORS LLC, is a Florida limited liability company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around March 2019, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -6443, in an attempt to solicit Plaintiff to purchase Defendant's services.

9. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

10. Defendant contacted or attempted to contact Plaintiff from telephone number (925) 247-1463, confirmed to be Defendant's number.

11. Defendant's call constituted a call that was not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

13. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of a proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls, within the four years prior to the filing of the Complaint in this action through the date of class certification.

14. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within four years prior to the filing of the original Complaint.

15. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

16. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

17. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff

and the Class members on their cellular telephones, thereby causing Plaintiff and the Class members to incur certain charges or reduced telephone time for which Plaintiff and the Class members had previously paid, by having to retrieve or administer calls and messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members.

18. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of the original Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice, to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

19. As a person that received a call from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

20. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

21. A class action is superior to other available methods of fair and

efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

23. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227(b)(1)(A)*.

26. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*,

Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

27. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227(b)(1)(A)*.

30. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

31. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)(1),* Plaintiff and the Class members are entitled to and request

$500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. § 227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)*.
- Any and all other relief that the Court deems just and proper.

32. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 11th Day of February, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Filed electronically on February 11, 2021, with:

United States District Court CM/ECF system. Notice provided electronically to:

Honorable Judge Morrison C. England, Jr.
United States District Court
Eastern District of California

Nancy E. Gray
ngray@grayfirm.com
Gray & Associates PC
11500 W. Olympic Blvd. Ste. 400
Los Angeles, CA 90064-1525
Attorney for Defendant RxCut LLC

Joel M. Tantalo
jtantalo@ta-llp.com
Michael S. Adler
madler@ta-llp.com
Tantalo & Adler LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
Attorneys for Defendant RxCut LLC

<u>/s/ Todd M. Friedman</u>
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

SID NAIMAN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

LICENSED INSURANCE ADVISORS LLC, and DOES 1 through 10, inclusive, and each of them,

Defendants.

Case No. 2:20-cv-02180-MCE-DMC

**[PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Before the Court is the Plaintiff's Motion for Leave to File First Amended Complaint. Having considered the Motion, and good cause appearing therefor, the Court grants the Plaintiff's Motion and orders as follows.

Plaintiff shall file his First Amended Complaint within seven days of this order.

IT IS SO ORDERED:

DATED: _____, 2021        BY:_____
                                  Honorable MORRISON C. ENGLAND, Jr.
                                  United States District Judge

PROPOSED ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT